UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  2:05cv104 |
| ) | |
| CLUB BAR, INC. d/b/a ROSIE O'GRADY'S ) | |
| LOUNGE, DENNIS McINTIRE, SANDY ) | |
| McINTIRE and ROBERT DEIULIUS, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Scottsdale Insurance Co. filed a Motion For Default Judgment against Defendants Club Bar, Inc. d/b/a Rosie O'Grady's Lounge, Dennis McIntire, Sandy McIntire and Robert Deiulius for Defendants' failure to Appear and Answer in this cause of action.  Service of the Summons and Complaint was made upon all Defendants by April 14, 2005.

This declaratory judgment action seeks a declaration that Scottsdale Insurance Co. has no duty to defend and indemnify its insured, Club Barr, d/b/a Rosie O'Grady's Lounge.  The request for declaratory relief arises out of an altercation between Robert Deiulius and James Galka, who is not a party to this suit, at Club Bar, d/b/a Rosie O'Grady's Lounge.  Deiulius filed suit in state court alleging injury and seeks damages against James Galka, Club Bar, Dennis McIntire, and Sandy McIntire.  Scottsdale Insurance issued an insurance policy to Club Bar that covered the relevant time period, and they contend that the Defendants may attempt to file a claim on that policy for Deiulius's suit.  Hence, they brought this action on March 16, 2005, to

1

prevent that. None of the Defendants have filed an appearance, answered, or filed any responsive pleading in this matter.

Federal Rule of Civil Procedure 55(b) gives the Court the power to enter default judgment in this situation. It provides:

> In all other cases the party entitled to judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person . . . .

Fed. R. Civ. P. 55(b). However, the Court must exercise sound judicial discretion in entering default. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A court may look to a number of factors when deciding a Motion for Default Judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2685 (1998).

The grounds for default are clearly established here. While there is potentially a good deal of money involved, and the prejudice Plaintiff faced in the delay is likely slight, the other factors strongly counsel in favor of granting default. First, the default goes beyond a mere technicality, as the case has gone on for more than four months without a word from any of the Defendants. The Defendants cannot be allowed to completely ignore this suit. *In re Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough."). In addition, a review of the filings before the Court indicates that there is likely little dispute as to the facts at issue. The

policy contains an assault and battery exclusion which appears to bar coverage of the incident described in the state court complaint.  Taken as a whole, these considerations clearly establish the propriety of granting a default judgment.

Default Judgment is therefore entered against Defendants, Club Bar, Inc. d/b/a Rosie O'Grady's Lounge, Dennis McIntire, Sandy McIntire and Robert Deiulius, upon the Complaint for Declaratory Judgment, and Judgment is entered against Defendants Club Bar, Inc. d/b/a Rosie O'Grady's Lounge, Dennis McIntire, Sandy McIntire and Robert Deiulius, and in favor of Plaintiff, Scottsdale, that:

1. The claims of Deiulius against Dennis McIntire, Sandy McIntire and Club Bar, Inc. d/b/a Rosie O'Grady's Lounge are not covered by the policies issued by Scottsdale to Club Bar, Inc. d/b/a Rosie O'Grady's Lounge.

2. Scottsdale has no duty to indemnify Dennis McIntire, Sandy McIntire and Club Bar, Inc. d/b/a Rosie O'Grady's Lounge for the claims prosecuted by Deiulius; and

3. Scottsdale has no obligation to defend Dennis McIntire, Sandy McIntire and Club Bar, Inc. d/b/a Rosie O'Grady's Lounge for the claims prosecuted by Deiulius.

**SO ORDERED.**

ENTERED: July 22, 2005

s/ Philip P. Simon
PHILLIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3